NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0848n.06

No. 12-2626

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 27, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| MARCUS BUGGS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____/

BEFORE:   MERRITT and CLAY, Circuit Judges; and STAFFORD, District Judge.[*]

**PER CURIAM.**  Marcus Buggs pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute 50 grams of cocaine base (Count 1); and (2) possession of a firearm in furtherance of drug trafficking (Count 6).  He faced a mandatory minimum sentence of 10 years to life imprisonment on the drug conspiracy count and a consecutive mandatory minimum sentence of five years to life imprisonment on the firearm count.

Buggs qualified as a career offender based on a prior drug trafficking offense and a crime of violence.  Under the career offender guidelines, Buggs's advisory guideline

_____

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

range was 262-327 months (Offense level 34, Criminal history category VI). His advisory guideline range based on drug quantity was 130-162 months (Offense level 27, Criminal history category VI).

The district court sentenced Buggs to 130 months on Count I and 60 months consecutive on Count 6, for a combined sentence of 190 months (10 months above the mandatory minimum combined sentence but well under the career offender guideline range). At sentencing, the district court explained that it chose to "vary downward from what the career offender guideline would provide here to in my view achieve a more balanced perspective on the overall purposes of sentencing."

Buggs later filed a pro se motion for retroactive application of Guidelines Amendment 750 pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion, stating: "Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1(a). The career offender guidelines continue to apply, and so defendant is ineligible for a reduction in sentence."

Through counsel, Buggs has appealed the district court's denial of his § 3582(c)(2) motion. Buggs argues that the district court based his sentence, not on the career offender guidelines, but instead on the drug guidelines. Had he, in fact, been sentenced under the drug guidelines, Amendment 750 would have the effect of reducing Buggs's relevant drug guideline range from 130  162 months to 92  115 months. Buggs contends that he is eligible for a sentence reduction pursuant to § 3582(c)(2) because Amendment 750 has

lowered his guideline range. Buggs does *not* argue in his appellate brief that the district court may lower his sentence below the combined mandatory minimum sentence of 180 months. Indeed, Buggs states in his brief: "Mr. Buggs is still subject to the mandatory minimum of 10 years on the drug count and 5 years on the firearm count to which he pled guilty. Thus, the combined minimum term to which Mr. Buggs could be sentenced would be 180 months, 10 months less than his current sentence."

Review of the district court's docket reflects that, on December 13, 2010, the district court entered an unsealed order reducing Buggs's sentence from 190 months to 180 months pursuant to the government's Rule 35 motion. Counsel for the parties have since filed supplemental briefs confirming that Buggs is, indeed, currently serving a combined mandatory minimum sentence of 180 months. Because Buggs is already serving the very sentence that he seeks by way of this appeal, we find that dismissal of Buggs's appeal is warranted.

**APPEAL DISMISSED.**